# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| ACV INTERNATIONAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:07-cv-00214-RCJ-PAL |
| | ) | |
| vs. | ) | **REPORT OF FINDINGS AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| CHRISTOPHER WHITE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon Defendant Christopher White's failure to comply with the court's Order (Dkt. # 81) requiring White to show cause in writing by no later than 4:00 p.m. on October 24, 2008 why he failed to comply with the court's Order (Dkt. # 77) requiring him to either obtain substitute counsel or file a statement with the court indicating that he will appear *pro se* before August 8, 2008.

Having reviewed and considered the matter, the court makes the following findings:

1.  On February 16, 2007, the Complaint (Dkt. #1) was filed in this matter by Plaintiff, and on March 5, 2007, White filed an Answer (Dkt. #17) and asserted a Counterclaim against Plaintiff.

2.  On March 9, 2007, the District Judge entered Findings of Fact, Conclusions of Law and Declaratory Judgment (Dkt. #38).  As a result, only White's Counterclaim remains pending.

3.  The court has set trial in this matter for December 23, 2008, and a settlement conference was scheduled for November 20, 2008.

4.  Counsel for White filed a Motion to Withdraw as Attorney (Dkt. #75) on July 1, 2008, which the court granted on July 10, 2008 (Dkt. #76).

/ / /

5. On July 10, 2008, the court ordered (Dkt. #77) White to either: (a) obtain substitute counsel to make an appearance on behalf of White; or (b) file a statement with the court indicating that White would appear *pro se.*

6. The court's docket indicates that the aforementioned Order was mailed to White and returned to the Clerk of Court as undeliverable (Dkt. #78).

7. No attorney appeared on behalf of White, and White failed to file any statement indicating that he would proceed *pro se*.

8. As a result of White's failure to comply with the court's Order, the court issued an Order to Show Cause (Dkt. #79) why sanctions, up to and including dismissal, should not be entered against White for his failure to comply with a court Order. The Order to Show Cause ordered White to show cause in writing for his failure to comply on or before 4:00 p.m. on September 11, 2008.

9. White again failed to comply. The court's docket reflects that the Order to Show Cause was also returned as undeliverable to the Clerk of Court (Dkt. #80). A review of the Motion to Withdraw as Attorney revealed that White's former counsel provided the court with White's last known address. On October 2, 2008, the court entered an Order (Dkt. #81) requiring the Clerk to serve the aforementioned Orders (Dkt. ##76, 77, and 79) to White by certified mail, return receipt requested, at the addresses listed in the Motion to Withdraw as Attorney and allowing White until October 24, 2008 to comply with the initial show cause order (Dkt. #77).

10. The court's docket indicates that these Orders were mailed to White on October 3, 2008 (Dkt. ##82, 83) by the Clerk of Court. One of the mailings was returned to the Clerk of Court as undeliverable on October 21, 2008 (Dkt. #84).

11. White has failed to comply with the court's order directing him to obtain substitute counsel or file a notice that he would appear *pro se.* Furthermore, in contravention of the Court's Orders to Show Cause, White has not filed a response indicating why sanctions, up to and including dismissal, should not issue.

/ / /

2

12.   White has also failed to comply with the court's Local Rules.  LSR 2-2 provides, "The plaintiff shall immediately file with the court written notification of any change of address.  The notification must include proof of service upon each opposing party or the party's attorney.  Failure to comply with this rule may result in dismissal of the action with prejudice."  Id.  White, the plaintiff for purposes of his Counterclaim, has failed to comply with this Local Rule.

13.   The court may dismiss an action for failure to prosecute, contempt of court, or abusive litigation practices.  TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 916 (9th Cir. 1987).  Dismissal is proper where the party's conduct is due to willfulness, bad faith, or fault, and there is a nexus between the misconduct and the matters in controversy such that the rightful decision of the case is threatened.  Anheuser-Busch v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995).  The court must weigh the following factors before imposing dismissal: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the party seeking sanctions; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic measures.  Id.  Dismissal ensures the integrity of the court's orders and the orderly administration of justice.  Halaco Engineering Co. v. Costle, 843 F.2d 376, 380 (9th Cir. 1988).

14.   White's willful failures to: (a) either retain substitute counsel or file a notice with the court indicating that he will appear in this matter pro se as ordered by the court; and (b) comply with this court's orders to show cause constitute a failure to prosecute and has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice.  Sanctions less drastic than dismissal are unavailable because White has repeatedly refused to comply with multiple court orders and the Local Rules of Practice.

**IT IS THEREFORE RECOMMENDED** that White's Counterclaim be dismissed with prejudice for failure to comply with the court's orders and for failure to prosecute the Counterclaim.

3

1

## **NOTICE**

2          Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

3    writing and filed with the Clerk of the Court within ten days.  The Supreme Court has held that the

4    courts of appeal may determine that an appeal has been waived due to the failure to file objections

5    within the specified time.  Thomas v. Arn, 474 U.S 140, 142 (1985).  This circuit has also held that (1)

6    failure to file objections within the specified time and (2) failure to properly address and brief the

7    objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues

8    from the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v.

9    Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

10          Dated this 14th day of November, 2008.

11

12                                                                                  _____

13                                                                                  PEGGY A. LEEN
                                                                                    UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4